UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGSLEY CAPITAL MANAGEMENT, LLC, an Arizona Limited Liability Company, and BRUE PAINE KINGSLEY MD IRA ROLLOVER, a Qualified Individual Retirement Account,<br><br>Plaintiffs,<br><br>-against-<br><br>THE MEMBERS OF THE BOARD OF DIRECTORS OF THE PARK AVENUE BANK OF NEW YORK AS OF 2008: DONALD G. GLASCOFF JR., CHARLES J. ANTONUCCI SR., BRUNO DE VINCK, FREDERICK KELLER, PATRICK R. MURPHY, ANGELLA MIRIZZI-OLSON, and MENDEL ZILBERBERG,<br><br>Defendants. | No. 12-CV-06260-TPG<br><br><br><br>ANSWER |

Defendant PATRICK R. MURPHY ("Defendant" or "Murphy"), by and through his attorneys, McCusker, Anselmi, Rosen & Carvelli, P.C., as and for his Answer to the Complaint (the "Complaint") of Plaintiffs KINGSLEY CAPITAL MANAGEMENT LLC and BRUCE PAINE KINGSLEY MD IRA ROLLOVER (collectively "Plaintiffs"), state as follows:

1. Deny the allegations contained in paragraph 1 of the Complaint and leave to the Court the determination of all questions of law.

2. Deny the allegations contained in paragraph 2 of the Complaint and leave to the Court the determination of all questions of law.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

1

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Admit the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint and refer to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

20. Deny the allegations contained in paragraph 20 of the Complaint and leave to the Court the determination of all questions of law.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained on paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint as they may pertain to Defendant, and deny knowledge or information sufficient to form a belief as to the truth of those allegations that may pertain to other persons or entities.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint, except admit that an audit of PAB by the FDIC occurred.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except admit that Antonucci held an ownership interest in PAB.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except admit that PAB provided Letters of Credit to Plaintiffs.

50. Admit the allegations contained in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint, except admit that PAB had extended a line of credit to Oxygen Unlimited.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint and refer to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

76. Deny the allegations contained in paragraph 76 of the Complaint and refer to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

77. Deny the allegations contained in paragraph 77 of the Complaint and refer to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint, except admit that Antonucci has pled guilty to Count Four of the Information.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint and refer to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

90. Defendant leaves to the Court the determination of all questions of law.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint.

94. Deny the allegations contained in paragraph 94 of the Complaint and leave to the Court the determination of all questions of law.

95. Deny the allegations contained in paragraph 95 of the Complaint.

96. Deny the allegations contained in paragraph 96 of the Complaint and leave to the Court the determination of all questions of law.

97. Deny the allegations contained in paragraph 97 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state causes of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for their failure to mitigate damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any losses suffered by Plaintiffs, for which it is alleged Defendant is liable, were caused by conditions and/or persons over which Defendant had no direct or indirect control.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defense that may arise in the course of discovery or at trial.

WHEREFORE, Defendant Patrick R. Murphy demands judgment against Plaintiffs as follows:

(a) Dismissing Plaintiffs' Complaint with prejudice;

(b) Awarding Defendant reasonable attorneys' fees and court costs for its defense of the Complaint; and

(c) Awarding such other and further relief as the Court shall deem just and equitable.

MCCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.
805 Third Avenue, 12th Floor
New York, New York 10022
*Attorneys for Defendant Patrick R. Murphy*

Dated: March 21, 2013     By: /s/ Laura A. Siclari
                              Laura A. Siclari